IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK P. MARTIN, JR.,

    Plaintiff,

vs.                         CIVIL NO. 00-516 BB/WWD  ACE

UNITED STATES OF AMERICA,

    Defendant.

## **DEFENDANT'S PROPOSED FINDINGS OF FACT AND PROPOSED CONCLUSIONS OF LAW**

    The United States of America, by and through its undersigned attorneys, proposes the following Findings of Fact and Conclusions of Law.

## **PROPOSED FINDINGS OF FACT**

    1. Plaintiff Frank Martin, was a patient at the Veterans Affairs Medical Center ("VAMC") in Albuquerque, New Mexico. Testimony of Frank Martin.

    2. When a patient goes to the VAMC, they are asked to fill out an application form for medical benefits. Item 9 of the application form requests the permanent address of the individual. Testimony of Jo Anne Pennington and Cynthia Nuttall.

    3. Plaintiff Frank Martin provided the VAMC with an application for medical benefits on January 12, 1996. He listed his street address as 208 Becker Street, Belen, NM, 87222. Testimony of Frank Martin, Jr.

    4. On February 15, 1996, Plaintiff Frank Martin was seen at the VAMC complaining of having problems and being depressed. He was seen in triage by a psychiatric clinical nurse specialist. The disposition indicated that he was to be triaged

to the PTSD/Trauma Clinic and contacted for an appointment.  Testimony of Maureen A. McGlynn, MS, RN, CS.

5.  No diagnosis was made during the triage on February 15, 1996.  Testimony of Maureen A. McGlynn, MS, RN, CS.

6.  No treatment was given during the triage on February 15, 1996, by Maureen A. McGlynn to Plaintiff Frank Martin, Jr.  Testimony of Maureen A. McGlynn, MS, RN, CS.

7.  Plaintiff was scheduled for an interview appointment at the VAMC on February 20, 1996 at 1:00 p.m.  Testimony of Jo Anne Pennington.

8.  As was the practice of the VAMC PTSD/Trauma Clinic, on February 16, 1996, an appointment card was sent to Plaintiff's address of record, 208 Becker St., Belen, NM, 87222, from the PTSD/Trauma Clinic, VAMC informing him of the date of the interview appointment.  Testimony of Cynthia Nuttall and Jo Anne Pennington.

9.  There was no mandatory requirement for the numerous clinics at the VAMC that appointment reminders be sent out in closed envelopes.  Testimony of Cynthia Nuttall and Jose Canive, M.D..

10.  The postcard was delivered with the mail addressed for 208 Becker St., Belen, NM, 87222.  The mail addressed as such was always left inside the Becker St. Bar on the bar counter by the mailman.  The mail was delivered in that fashion during the entire time that Plaintiff Frank Martin was a tenant in the house located behind the bar.  The mail could remain on the counter for as long as 15 or 20 minutes.  Testimony of Frank P. Martin, Jr. and Claudine Montano.

11. Plaintiff Frank Martin knew or should have known how his mail was delivered. Testimony of Frank Martin, Jr.

12. Plaintiff Frank Martin knew or should have known that the mail might lie on the counter for 15 or 20 minutes before it was placed behind the counter, and the employees of the bar or customers might look at the mail. Defendant could not have known those facts. Testimony of Frank P. Martin, Jr., Claudine Montano, and Jo Anne Pennington.

13. There was no confidential information, i.e., information or disclosures made by Plaintiff Frank Martin in connection with diagnosis or treatment at the VAMC, contained on the postcard dated February 16, 1996 sent from the VAMC to Plaintiff Frank Martin advising him of the date and time of the interview appointment with the VAMC PTSD/Trauma Clinic. Testimony of Jose Canive, M.D.

14. No employee of the VAMC disseminated the information contained on the appointment card to bar employees or patrons of the bar, or to any other individuals. Testimony of Jo Anne Pennington, Cynthia Nuttall and Jose Canive, M.D.

## CONCLUSIONS OF LAW

1. Venue is properly laid in this District.

2. The substantive law governing this case is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., and the applicable law of the State of New Mexico.

3. In accordance with the FTCA, the United States is liable for the injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the

place where the act or omission occurred.  28 U.S.C. §1346(b).

4.  In accordance with the language of 28 U.S.C. § 1346(b) of the FTCA, the United States' liability is to be determined by the application of the law of the place where the act or omission occurred.

5.  In order to establish a claim under New Mexico law for "wrongful disclosure of confidential information" there must be a determination that there is a duty of confidentiality which encompasses information or disclosures made by a patient in connection with diagnosis or treatment and that duty was breached by the disclosure of such information to a third party.  Eckhardt v. Charter Hosp. of Albuquerque, 124 N.M. 549, 555 (N.M. App. 1997) 953 P.2d 722, 728.

6.  In order to establish a breach of the duty not to disclose confidential information, there must be a finding that there is personal information or a confidential communication made by the patient to a mental health care provider for purposes of diagnosis or treatment of the patient's mental condition or obtained in the course of professional service.  Id.

7.  Absent such a finding, there is no breach of a duty, and no claim for wrongful disclosure of confidential information.  Id.

8.  Plaintiff Frank Martin had not been diagnosed and no treatment had begun at the VAMC PTSD/Trauma Clinic on February 16, 1996, the date of the postcard sent to Plaintiff Frank Martin.

9. No information contained on the postcard came from personal information or a confidential communication made by Plaintiff Frank Martin to a VAMC mental health care

provider for purposes of diagnosis or treatment of Plaintiff Frank Martin's mental condition nor was the information contained on the postcard obtained in the course of professional service provided to Plaintiff Frank Martin.

10. No information given by Plaintiff Frank Martin to a psychiatrist, psychologist, or mental health counselor at the VA was contained on the postcard dated February 26, 1996.

11. The statement on the postcard "Dear PTSD/Trauma Clinic Patient" constitutes the designation of a clinic at the VA and is neither a diagnosis of a mental condition, nor confidential information disclosed by Plaintiff Frank Martin as part of another confidential relationship.

12. Plaintiff Frank Martin has not established that employees of Defendant breached a duty of confidentiality by disclosing to third parties confidential information, i.e., information which Plaintiff shared with employees of Defendant for purposes of diagnosis or treatment of Plaintiff Frank Martin. Eckhardt, 124 N.M. at 555, 556 953 P.2d at 728, 729.

13. In the absence of disclosure to a third party of a confidential communication obtained for the purposes of diagnosis or treatment, there is no breach of a duty of non-disclosure and, therefore, no breach of a duty of confidentiality by Defendant United States.

14. No employee of the VAMC breached a duty to Plaintiff Frank Martin because no employee of Defendant disseminated the information contained on the appointment postcard card to bar employees or patrons of the bar, or to any other individuals.

15. There is no evidence of negligence on the part of employees of the United States of America.

16. Judgment for Defendant United States of America.

          Respectfully submitted,

          NORMAN C. BAY
          United States Attorney


          JAN ELIZABETH MITCHELL
          Assistant U. S. Attorney
          VIRGIL H. LEWIS
          Special Assistant U. S. Attorney
          Box 607
          Albuquerque, NM  87103
          (505) 346-7274

I HEREBY CERTIFY that a true copy of the
foregoing pleading was mailed to opposing counsel
of record this 20th day of August, 2001.

_____
Assistant U. S. Attorney

N:\JMitchell\MARTIN\PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.wpd