IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK P. MARTIN, JR.,
                Plaintiff,

v.                            Cause No. CIV 00-516 BB/WWD ACE

UNITED STATES OF AMERICA,
                Defendant.

## PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER, having come before this Court for a trial on the merits on the _____ day of _____, 20___, with the Plaintiff present and represented by Thomas E. Chism, Esq., and the Defendant present and represented by Assistant U.S. Attorney Jan Mitchell, Esq., and Veterans Affairs regional counsel Virgil Lewis, Esq., and upon being fully apprised of all the evidence and legal arguments offered, the Court FINDS as follows:

I. Findings of Fact:

1. On February 15th, 1996, the Plaintiff went to the Albuquerque, New Mexico Veterans Administration Medical Center ( " VAMC " ) seeking treatment for depression ( See Plaintiff's Ex. 2, 2/15/96 progress note, p.1 ).

2. While at the VAMC as mentioned above, Plaintiff was personally interviewed by Psychiatric Triage Clinical Specialist Maureen A McGlynn ( See Plaintiff's Ex. 2, 2/15/96 progress note, p.3).



1

3. During the above-mentioned interview in para. 2, Plaintiff gave VAMC Psychiatric Triage Clinical Specialist Maureen A McGlynn detailed information about Plaintiff's past and current feelings of depression, past history regarding previous therapy, general medical history, substance abuse information, family history, social/personal history, sexual abuse, homicidal ideation, suicidal ideation, legal problems involving a DWI charge, and work history ( See Plaintiff's Ex. 2 , 2/15/96 progress note, p. 1-4 ).

4. At the conclusion of the Plaintiff's above-mentioned 2/15/96 interview, VAMC specialist McGwenn provisionally diagnosed the Plaintiff as having PTSD, and recommended that the Plaintiff be triaged to the VAMC's PTSD/Trauma clinic and contacted and given an appointment ( See Plaintiff's Ex. 2 , 2/15/96 progress note, p.3 & 4).

5. On or about Feb. 16th, 1996, the VAMC's PTSD/Trauma Clinic mailed the Plaintiff an appointment postcard with the greeting " *Dear PTSD/Trauma Clinic Patient* " and a closing " *Sincerely Yours, PTSD/Trauma Clinic Staff, VA Medical Center 2100 Ridgecrest Drive SE, Albuquerque, NM 87108* " ( See Plaintiff's Ex. 1 , 2/16/96 appointment postcard ). The appointment postcard also had a return address listed as " *PTSD/ Trauma Clinic (116(G) VA Medical Center 2100 Ridgecrest Drive SE, Albuquerque, NM 87108*"( Id).

6. The VAMC addressed the appointment postcard to the Plaintiff at 208 Becker St., Belen, New Mexico, which is the address for the Becker St. Bar & Grille, where the Plaintiff was employed and lived behind in an apartment ( See testimony of Plaintiff and Plaintiff's employer and bar owner Ms. Claudine Montano ).

7. The appointment postcard was delivered to the Becker St. Bar and placed on the bar with the other mail delivered that day ( See testimony from Ms. Claudine Montano, Plaintiff's employer and bar owner ).

8.   Some of the bar employees and bar patrons looked at the Plaintiff's appointment postcard and began isolating the Plaintiff from their conversations and ridiculing him for having PTSD ( See testimony from Plaintiff and Ms. Claudine Montano, Plaintiff's employer and bar owner ).

9.   Plaintiff's temperament and mental condition make him very sensitive to what people know about him and Plaintiff is unable to tolerate feelings of isolation from co-workers and ridicule from patrons at his place of work ( See Ex. 4, Dr. Stephen Feher's report, and testimony from Dr. Feher ).

10.   Because of the isolation from co-workers and ridicule from the bar patrons, Plaintiff was forced to quit his job and move from Belen, New Mexico ( See testimony of Plaintiff and Plaintiff's employer and bar owner Ms. Claudine Montano ).

11.   Plaintiff lost income from his job and suffered emotionally as a result of having to move from Belen, New Mexico due to the isolation and ridicule he was experiencing at the Becker St. Bar ( See testimony of Plaintiff, Plaintiff's employer and bar owner Ms. Claudine Montano, Ex. 8 Employer's Statement Regarding Lost Wages, and testimony from Plaintiff's treating therapist Dr. Feher, and Ex. 5, 2/25/96 and 3/11/96 record excerpt from Dr. Feher's file on Plaintiff ).

12.   the VAMC's Medical Ethics and Patient's Rights Committee determined information regarding appointments at the PTSD/Trauma clinic was confidential, and should be sent in a sealed envelope to protect confidentiality of patient information ( See Ex. 3, Minutes from Sept. 9th, . Med. Ethics and Pt. Rights Committee meeting ).

3

13. At the time the VAMC sent the Plaintiff the 2/16/96 appointment postcard, the VAMC had a written policy that appointment reminders are to be sent by letter ( See Ex. 7, Outpatient Scheduling Memo ).

14. VAMC Psychiatrist Dr. Canive , while acting within the scope of his employment at the VAMC in Albuquerque, New Mexico, authorized the use of the PTSD/Trauma Clinic appointment post card that was sent to the Plaintiff ( See testimony from Dr. Canive and Ms. Joanne Pennington, administrative assistant in VAMC PTSD program ).

15. The Plaintiff never authorized the VAMC to disclose to anyone that he was receiving treatment at the VAMC;s PTSD/ Trauma clinic or that he had an appointment there ( See Plaintiff's testimony ).

16. The VAMC above-mentioned disclosure of the information on the appointment postcard proximately caused the Plaintiff to suffer damages of $ 30,000.00 ( thirty thousand dollars ) in lost income and $ 60,000.00 ( sixty thousand dollars ) for emotional humiliation and anguish.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter of this claim.

2. A confidential relationship was created between the Plaintiff and the VAMC on 2/15/96 when the Plaintiff gave VAMC Psychiatric Triage Clinical Specialist Maureen McGlynn detailed information about Plaintiff's past and current feelings of depression, past history regarding previous therapy, general medical history, substance abuse information, family history, social/personal history, sexual abuse, homicidal ideation,

4

suicidal ideation, legal problems involving a DWI charge, and work history ( See Eckhardt v. Charter Hospital of Albuquerque, 124 NM 549, 555 ( Ct. App. 1997 )..

3. A confidential relationship was created between the Plaintiff and the VAMC at the above-mentioned 2/15/96 interview when VAMC specialist McGwenn provisionally diagnosed the Plaintiff as having PTSD, and recommended that the Plaintiff be triaged to the VAMC's PTSD/Trauma clinic and contacted and given an appointment ( id ).

4. The information on the 2/16/01 appointment postcard discloses confidential diagnostic information about the Plaintiff ( id ).

5. The information on the 2/16/96 appointment postcard that identified the Plaintiff as being a PTSD/Trauma Clinic Patient at the VAMC was confidential and privileged information ( id ).

6. The VAMC breached the Plaintiff's confidentiality be releasing the 2/16/96 appointment postcard that identified the Plaintiff as a PTSD/Trauma Clinic patient ( id ).

7. The VAMC's above-mentioned breach need not be the only cause, nor the last nor the nearest cause of the Plaintiff's damages for the Defendant to be held liable for the above-mentioned damages. It is sufficient it the VAMC's breach occurs with some other cause acting at the same time which in combination with it, causes the injury ( See Eckhardt v. Charter Hospital of Albuquerque, 124 NM 549, 556 ( Ct. App. 1997 ).

8. Defendant's contention of a good faith motive and lack of intent to disclose confidential information is insufficient to establish a justification or excuse that bars the Plaintiff's claim for wrongful disclosure
( id).

Respectfully submitted,

*/s/ Thomas E. Chism*

Thomas E. Chism, Esq.
Attorney for the Plaintiff
P.O. Box 27309
Albuquerque NM 87125
Ph. 505-255-2586


THIS WILL CERTIFY THAT
A true copy of the foregoing was
Faxed to opposing counsel of record
This 20th day of August, 2001

*/s/ Thomas E. Chism*