# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FRANK P. MARTIN, JR.,

      Plaintiff,

v.                                                                               No. CIV 00-516 BB/WWD-ACE

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Defendant's motion for summary judgment (Doc. 48). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion for summary judgment will be denied.

The government's main argument is that no confidential information was disclosed, in that no information provided to the government by Plaintiff was included on the postcard sent to Plaintiff's address. Therefore, argues the government, this case is different than *Eckhardt v. Charter Hosp. of Albuquerque*, 953 P.2d 722, 727-28 (N.M.App. 1997), in which the disclosure of confidential information consisted of a therapist telling the patient's husband information that the patient had given to the therapist during treatment. The Court agrees that the argument made by the government is a possible distinction between this case and *Eckhardt*. At this point, however, the Court cannot conclude that the distinction prevents Plaintiff from being able to state a claim for wrongful disclosure of confidential information.

As Plaintiff argues, there were two possible types of confidential information on the postcard. First, by identifying Plaintiff as a "PTSD/Trauma Clinic Patient", the postcard could lead a reasonable reader to conclude that Plaintiff was suffering from PTSD or some type of emotional trauma.

Plaintiff has presented evidence, in the form of an affidavit from a practicing psychiatrist, to the effect that this greeting "does convey confidential diagnostic information about the Plaintiff." It therefore appears to be a matter of factual dispute, to be resolved at trial, whether identifying an individual as a patient of a PTSD/Trauma clinic constitutes disclosure of confidential information, under the standards generally applied in the field of mental health. Of course, this may be a separate question from whether such disclosure should be legally actionable under the *Eckhardt*-created tort of wrongful disclosure of confidential information. At this point, however, the Court requires further input from professionals in the field, concerning the extent to which the information on the postcard does potentially reveal diagnostic information. On this question, therefore, summary judgment is not appropriate.

The second type of confidential information allegedly conveyed by the postcard is the mere fact that Plaintiff was a patient of the PTSD/Trauma clinic. The government argues that this fact cannot be considered confidential information, since it is allegedly not protected by the Privacy Act. However, Plaintiff's expert has also opined that a person's identity as a patient of this clinic is considered confidential information in the mental-health field. Furthermore, the Court's research has revealed that a number of states protect as confidential, by statute or case law, the mere identity of a patient. *See, e.g.,* W.Va.Code § 27-3-1 (1992) (information qualifying as confidential under state mental health laws includes the fact that a person is or has been a client or patient); Texas Medical Practice Act, Tex.Rev.Civ.Stat.Ann. art. 4495b, § 5.08 (Vernon Supp. Pamp. 1998) (records of the identity of a patient are confidential and privileged); Connecticut General Statutes Annotated, §§ 52-146d and 52-146e (records and communications that identify a patient are confidential); *Weisbeck v. Hess*, 524 N.W.2d 363, 365-66 (S.D. 1994) (in context of discussing an evidentiary privilege, court states that to compel disclosure of a psychotherapy patient's identity is to directly harm her privacy

interests, and that therapy "mandates name confidentiality"). Again, the fact that a patient's identity is considered confidential for some purposes and in some jurisdictions does not conclusively resolve the question of whether a disclosure of the type that occurred in this case should be actionable under *Eckhardt*. However, the Court does require further evidence on this question before deciding the issue.[1]

For the reasons discussed above, the government's motion for summary judgment will be denied.

### ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that Defendant's motion for summary judgment (Doc. 48) will be denied.

Dated this 29th day of August, 2001.

                                                                         */s/ Bruce D. Black*
                                                                        BRUCE D. BLACK
                                                                        United States District Judge

---

[1] The Court notes the government's argument that the same disclosure would have occurred if the appointment card had been sent in an envelope with a return address provided as the PTSD/Trauma Clinic. There is an obvious answer to this contention. Such a return address, standing alone, does not directly identify the recipient as a "patient" of the clinic, as does the postcard in question in this case.

**ATTORNEYS**:

**For Plaintiff**:
Thomas E. Chism, Esq.
P.O. Box 27309
Albuquerque, New Mexico 87125

**For Defendant**:
Jan Elizabeth Mitchell, Esq.
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103